UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAKAMAN Q. UPSHAW, and
TRACY R. UPSHAW,

Plaintiffs,

v.

GREEN TREE SERVICING LLC, and
THE BANK OF NEW YORK MELLON,

Defendants.

_____/

Case No. 15-cv-13866

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
MONA K. MAJZOUB

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [4]**

**I. INTRODUCTION**

On October 16, 2015, Rakaman and Tracy Upshaw (collectively "Plaintiffs") commenced this action in the Circuit Court of Macomb County, Michigan. Dkt. No. 1, p. 12 (Pg. ID No. 12). Plaintiffs' Complaint asserts multiple state law claims, including wrongful foreclosure, breach of contract, fraudulent misrepresentation, and slander of title. *See id.* at 19–29 (Pg. ID No. 19–29). The Bank of New York Mellon ("Mellon") and Green Tree Servicing (collectively "Defendants") removed the case to federal court on November 3, 2015. *See id.* at 1 (Pg. ID No. 1).

The matter is presently before the Court on Defendants' Motion to Dismiss [4], pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 4, p. 1 (Pg. ID No. 103). The motion was filed on November 6, 2015. *Id.* Plaintiffs have failed to respond and the time to respond has passed. For the reasons discussed herein, the Court **GRANTS** Defendants' Motion to Dismiss [4].

-1-

## II. BACKGROUND

On May 25, 2004, Plaintiffs obtained a loan (the "Loan") in the amount of $208,000.00 from American Equity Mortgage, Inc., represented by a promissory note (the "Note"). Dkt. No. 1, p. 14, ¶ 10 (Pg. ID No. 14). Repayment of the Loan was secured by a mortgage (the "Mortgage") on Plaintiffs' property, located at 38011 Alcoy Drive, Sterling Heights, MI 48312 (the "Property). *See id*. at ¶¶ 4, 12. Defendant Mellon was assigned the Mortgage in late 2010. *Id*. at ¶ 13. Defendant Green Tree Servicing services the Mortgage. *Id*. at 14.

From June 2013 to January 2015, Plaintiffs did not submit their monthly payments, as required under the Note and Mortgage. Dkt. No. 4, p. 10 (Pg. ID No. 112); *see also* Dkt. No. 1, p. 15, ¶ 17 (Pg. ID No. 15). Plaintiffs claim to not have received the notice of default, send by Defendants to Plaintiffs' attorney[1] in January 2015. *Compare* Dkt. No. 1, p. 16, ¶ 19 (Pg. ID No. 16) *with* Dkt. No. 4, p. 10 (Pg. ID No. 112); Dkt. No. 4-2, p. 2 (Pg. ID No. 135). As Plaintiffs did not cure their default within 30 days of the notice, Defendant Mellon notified Plaintiffs in March 2015 that the Property was scheduled for foreclosure sale on April 17, 2015. Dkt. No. 4, p. 10 (Pg. ID No. 112); Dkt. No. 4-3, p. 2 (Pg. ID No. 140). Notice of the foreclosure sale was published in the Macomb County Legal News on March 17, March 24, March 31, and April 7, 2015. Dkt. No. 1, p. 62 (Pg. ID No. 62). Notice was also attached to the Property's front door on March 18, 2015. *Id*. at 63. Plaintiffs allege that they never saw the notices published and posted, and that they had no actual notice prior to the sale. *Id*. at p. 17, ¶¶ 28–31.

---

[1] The letter was addressed to Tracy Upshaw, courtesy of "Hopkins and Associates," at a post office box located in Royal Oak, Michigan.

At the Sheriff's Sale on April 17, 2015, Defendant Mellon purchased the Property for $124,367.75. *Id*. at ¶ 34. Plaintiffs did not redeem the Property prior to the redemption period ending on October 17, 2015.[2] *See id*. at ¶ 35.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must comply with the pleading requirements of Federal Rule of Civil Procedure 8(a). *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks omitted) (quoting FED. R. CIV. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To meet this standard, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Iqbal*, 556 U.S. at 678–80 (2009) (applying the plausibility standard articulated in *Twombly*).

When considering a Rule 12(b)(6) motion to dismiss, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of his or her factual allegations as true. *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). However, the Court need not accept mere conclusory statements or legal conclusions couched as factual allegations. *See Iqbal*, 556 U.S. at 678.

---

[2] Filing this suit one day prior to the expiration of the redemption period did not toll the redemption period. *See Snell v. Wells Fargo Bank*, No. 11-CV-12018, 2012 WL 1048576, at *3–4 (E.D. Mich. Mar. 28, 2012) (collecting cases where suits filed failed to toll the redemption period in Michigan).

In ruling on a motion to dismiss, the Court may consider "the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). The Court may also consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). This may include "documents relating the note, mortgage, assignment, loan modification process, and foreclosure that are referenced in the complaint and integral to [plaintiff's] claims." *Gardner v. Quicken Loans, Inc.*, 567 F. App'x 362, 365 (6th Cir. 2014).

## IV. DISCUSSION

### A.      Plaintiffs' Failure to Timely Respond to Defendants' Motion to Dismiss

The Court begins by noting that Plaintiffs failed to file a timely response to Defendants' motion. The motion was filed on November 6, 2015 and as of the date of this decision, Plaintiffs still had not responded. "A plaintiff must oppose a defendant's motion to dismiss or otherwise respond or he waives opposition to the motion." *Moody v. CitiMortgage, Inc.*, 32 F. Supp. 3d 869, 875 (W.D. Mich. 2014) (stating that a homeowner had waived his opposition to his mortgage servicer's motion to dismiss by failing to respond to it); *see also Humphrey v. United States Attorney Gen.'s Office*, 279 Fed. App'x. 328, 331 (6th Cir. 2008) (holding that where a "plaintiff has not raised arguments in the district court by virtue of his failure to oppose defendants' motions to dismiss, the arguments have been waived."); *Scott v. State of Tenn.*, 878 F.2d 382, 1989 WL 72470, at *2 (6th Cir. 1989) ("[I]f a plaintiff fails to respond or to otherwise

oppose a defendant's motion, then the district court may deem the plaintiff to have waived

opposition to the motion.").

Nonetheless, the Court will review Plaintiffs' claims due to contrary Sixth Circuit

precedent. *See Bangura v. Hansen*, 434 F.3d 487, 497 (6th Cir. 2006) (finding that a district

court abused its discretion in dismissing a plaintiff's claims solely because the plaintiff failed to

respond to the defendant's motion to dismiss).

**B.     The Court Will Dismiss Plaintiffs' Wrongful Foreclosure Claim**

Plaintiffs allege in Count I of their Complaint that Defendants' foreclosure of the

property violated state and federal statutes, rules, and procedures, including: (1) failing to

provide Plaintiffs with the Notice of Default; (2) causing a foreclosure proceeding to commence

while Plaintiffs were being considered for foreclosure alternatives; (3) failing to notify Plaintiffs

about the change in creditor; (4) failing to notify the Plaintiffs of the change in the Loan's

servicer. Dkt. No. 1, p. 20–24 (Pg. ID No. 20–24). As relief for this claim, Plaintiffs seek to set

aside the sheriff's deed, order Defendants to evaluate Plaintiff for home retention options, and

obtain various types of damages and costs. *Id*. at 24–25.

"[D]efects or irregularities in a foreclosure proceeding result in a foreclosure that is

voidable, not void *ab initio*." *Kim v. JPMorgan Chase Bank, N.A.*, 493 Mich. 98, 115, 825

N.W.2d 329, 336 (2012). A plaintiff must show that she was prejudiced by a defendant's failure

to comply with Mich. Comp Laws § 600.3201, *et seq*., to set aside a foreclosure sale. *Id*. To

establish prejudice, plaintiffs must show that "they would have been in a better position to

preserve their interest in the property absent defendant's noncompliance with the statute." *Id*. at

337. Such prejudice may be shown if the plaintiff demonstrates an ability to redeem the property

prior to the end of the redemption period. *See Derbabian v. Bank of Am., N.A.*, 587 F. App'x

949, 956 (6th Cir. 2014). "When 'the mortgagor would have been in no better position had notice been fully proper and the mortgagor lost no potential opportunity to preserve some or any portion of his interest in the property,' courts uphold a completed foreclosure sale." *Lessl v. CitiMortgage, Inc.*, 515 F. App'x 467, 469 (6th Cir. 2013) (quoting *Jackson Inv. Corp. v. Pittsfield Products, Inc.*, 162 Mich. App. 750, 756 (1987)).

First, Plaintiffs allege that Defendants failed to provide notice to them of their default and foreclosure, in violation of Mich. Comp. Laws § 600.3201, *et. seq*. However, Defendants submitted evidence, which Plaintiffs failed to rebut, illustrating that notice of default was sent to Plaintiffs' attorney several months prior to the foreclosure sale. *See* Dkt. No. 4-2, p. 4 (Pg. ID No. 137). Additionally, the exhibits Plaintiffs themselves attached to the Complaint provide evidence that Michigan's notice of foreclosure procedures were followed, as Defendants published notice of foreclosure for four weeks in the Macomb County Legal News and posted notice on the Property's front door. *See* Dkt. No. 1, pp. 62–63 (Pg. ID No. 62–63). Michigan law does not dictate that mortgagors have *actual notice*, only that notice procedures are followed. Plaintiffs have failed to provide any evidence that Defendants failed to comply with Michigan's Foreclosure of Mortgages by Advertisement statute.

Second, Plaintiffs allege that Defendants violated the Real Estate Settlement Procedures Act (RESPA), by proceeding with a foreclosure while Plaintiffs were being considered for foreclosure alternatives. RESPA grants relief in the form of monetary damages. 12 C.F.R. § 1024.41 ("A borrower may enforce the provisions of this section pursuant to section 6(f) of RESPA (12 U.S.C. 2605(f)).");  12 U.S.C. § 2605(f) (exclusively authorizing monetary relief to individual borrowers). Plaintiffs, however, seek a declaration that the foreclosure process is null

and void, injunctive relief stopping the foreclosure and an order requiring Defendants to negotiate a loan modification, none of which is available under RESPA.

To the extent that Plaintiffs seek monetary damages, Plaintiffs' claim also fails because they do not allege that they were prejudiced by a RESPA violation in the foreclosure process. Instead, their RESPA claim relates back to irregularities in the loan modification process.[3] "An alleged irregularity in the loan modification process, however, does not constitute an irregularity in the foreclosure proceeding." *Campbell v. Nationstar Mortgage*, 611 F. App'x 288, 294 (6th Cir. 2015) *cert. denied*, 136 S. Ct. 272 (2015). Defendants had no duty to provide Plaintiffs with any specific loan modification option. 12 C.F.R. § 1024.41(a). As such, Plaintiffs claims of irregularities in the loan modification process do not give rise to an actionable wrongful foreclosure claim.

Third, Plaintiffs allege that Defendants failed to notify them about the change in their creditor, as required under the Truth in Lending Act (TILA). TILA has a one year statute of limitations on claims for money damages for failure to disclose required information. 15 U.S.C. § 1640(e). The limitations period begins to run from the date the violation occurred. 15 U.S.C. § 1640(e). Since Plaintiffs' creditor changed on or around December 10, 2010, when the Mortgage was assigned to Defendant Mellon, Dkt. No. 1, p. 15, ¶ 13 (Pg. ID No. 15), the period in which to bring a TILA claim has long since passed. Even if Plaintiffs had brought a TILA

---

[3] Even if Defendants had orally promised Plaintiffs a loan modification, as they allege, Dkt. No. 1, p. 18, ¶ 40, such a promise would not be enforceable in the absence of a signed writing. The Michigan Statute of Frauds expressly states that "[a]n action shall not be brought against a financial institution to enforce [a promise or commitment to waive a provision of a loan or make any other financial accommodation] unless the promise or commitment is in writing and signed." Mich. Comp. Laws § 566.132(2); *see also Williams v. Pledged Prop. II, LLC*, 508 F. App'x 465, 468 (6th Cir. 2012).

claim in the allowable time period, they did not allege how the TILA violation prejudiced their ability to preserve their interest in the Property.

Fourth, Plaintiffs allege that Defendants failed to notify them of the change in the Loan's servicer, as required under § 2605(b)(1) of RESPA. Defendants provided the Court with evidence that Plaintiffs were notified of the change in servicer, Dkt. No. 4-1, p. 2 (Pg. ID No. 131), and Plaintiffs did not rebut this evidence. Furthermore, Plaintiffs did not allege any facts that relate to how this alleged violation prejudiced them in the foreclosure process. Accordingly, Plaintiffs did not plead a sufficient claim for wrongful foreclosure under § 2605(b)(1) of RESPA.

Consequently, Plaintiffs' claim for wrongful foreclosure is dismissed with prejudice.

**C.      The Court Will Dismiss Plaintiffs' Breach of Contract Claim**

In Count II, Plaintiffs allege that the Note and Mortgage on the Property constituted a contract between them and Defendants, and that Defendants breached an implied covenant of good faith and fair dealing when they: failed to send Plaintiffs a notice containing the components within Paragraph 22 of the mortgage, disingenuously negotiating loss mitigation assistance, and misleading Plaintiffs about approval and extension of loss mitigation assistance.

"Michigan does not recognize a cause of action for breach of the implied covenant of good faith and fair dealing." *Fodale v. Waste Mgmt. of Michigan, Inc.*, 271 Mich. App. 11, 35, 718 N.W.2d 827, 841 (2006) (citing *Belle Isle Grill Corp. v. Detroit*, 256 Mich. App. 463, 476, 666 N.W.2d 271 (2003)). Plaintiff does not cite to any state law that provides otherwise. Accordingly, any claim relying on this covenant is properly dismissed.

To the extent that Plaintiffs allege a breach of contract claim, they must rely solely on the contracts at issue: the Mortgage and the Note. Neither requires that Defendants provide Plaintiffs

with loss mitigation assistance. Paragraph 22 of the Mortgage, detailing acceleration and remedies, relates back to Plaintiff's previous argument regarding notice of default. As stated above, Defendants provided the Court with evidence that they did send notice of default, as contractually required, to Plaintiff's attorney in January 2015. Dkt. No. 4-2, p. 4 (Pg. ID No. 137). Since Plaintiffs have not stated a valid claim for breach of contract, this claim is dismissed with prejudice.

**D.      The Court Will Dismiss Plaintiffs' Fraudulent Misrepresentation Claim**

In Plaintiffs' third claim, they allege that Defendants made false representations of fact, intentionally and successfully inducing Plaintiffs to forego challenging the foreclosure of their home. Dkt. No. 1, p. 27, ¶¶ 92–98 (Pg. ID No. 27). Defendants argue that Plaintiffs have not pled this claim with sufficient particularity. Dkt. No. 4, pp. 22–24 (Pg. ID No. 124–26). Additionally, Defendants assert that Plaintiffs' allegations of fraudulent misrepresentation are barred by Michigan's statute of frauds. *See id*. This claim will also be dismissed because Plaintiffs did not state a sufficient claim upon which relief could be granted.

The Sixth Circuit interprets Federal Rule of Civil Procedure 9(b) to require a party bringing a fraud claim to "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Bennett v. MIS Corp.*, 607 F.3d 1076, 1100 (6th Cir. 2010) (quoting *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 563 (6th Cir. 2003)). Since Plaintiffs have not identified the content of the allegedly fraudulent statements, when these representations occurred, who made them, or where they were made, Plaintiffs fell short of the specificity required under Rule 9(b). *See Elsheick v. Select Portfolio Servicing, Inc.*, 566 F. App'x 492, 498 (6th Cir. 2014) (affirming dismissal of a fraudulent misrepresentation claim where the

"allegation does not identify the exact speaker, the precise statement made, or the date when and the place where the statement was uttered."). Thus, Plaintiffs failed to state a fraudulent misrepresentation claim upon which relief can be granted.

**E.      The Court Will Dismiss Plaintiffs' Slander of Title Claim**

In their fourth claim, Plaintiffs allege that Defendants slandered their title to the Property. Dkt. No. 1, p. 28, ¶¶ 99–102 (Pg. ID No. 28). Their claim does not disclose how Defendants allegedly slandered their title, but the Court presumes that Plaintiffs believe that the foreclosure gave rise to this claim.

Michigan recognizes slander of title claims arising under both common law and statute. *See* Mich. Comp. Laws § 565.108; *B & B Inv. Grp. v. Gitler*, 229 Mich. App. 1, 581 N.W.2d 17, 20 (1998). To bring a slander of title claim, "a plaintiff must show falsity, malice, and special damages, i.e., that the defendant maliciously published false statements that disparaged a plaintiff's right in property, causing special damages." *Derbabian v. Bank of Am., N.A.*, 587 F. App'x 949, 958 (6th Cir. 2014) (quoting *Gitler*, 229 Mich. App. at 8, 581 N.W.2d at 20). Plaintiffs have not identified any false statements that disparaged their right to the Property, nor have they sufficiently alleged that they had any right to the Property after the redemption period expired. Accordingly, Plaintiffs failed to adequately plead a slander of title claim.

**F.      The Court Will Dismiss Plaintiffs' Claim for Declaratory Relief**

In Plaintiffs' fifth claim, they seek to bring a claim for declaratory relief on the theory that foreclosure is barred by Defendants' allegedly unclean hands. Dkt. No. 1, p. 30, ¶¶ 104–108 (Pg. ID No. 30). Plaintiffs request monetary damages as relief for this claim. *See id.*

"[D]eclaratory relief is a remedy, … not a claim." *McCann v. U.S. Bank, N.A.*, 873 F. Supp. 2d 823, 848 (E.D. Mich. 2012) (quoting *Mettler Walloon, L.L.C. v. Melrose Twp.*, 281

Mich. App. 184, 221, 761 N.W.2d 293, 317 (Mich. Ct. App. 2008)); *see also Wiggins v. City of Burton*, 291 Mich. App. 532, 561, 805 N.W.2d 517, 535 (2011) ("Although it has become commonplace in this state for a plaintiff to assert a request for declaratory relief as a separately labeled cause of action within his or her complaint, this is technically improper because 'declaratory relief is a remedy, not a claim.' "). Furthermore, declaratory judgment is an equitable remedy—not a damages remedy—and is committed solely to judicial discretion. *Mettler Walloon*, 281 Mich. App. at 221, 761 N.W.2d at 317. "Similarly, the doctrine of unclean hands is not a claim; rather the 'clean-hands doctrine closes the doors of equity to one tainted with inequitableness or bad faith to the matter in which he or she seeks relief, regardless of the improper behavior of the defendant.' " *McCann*, 873 F. Supp. 2d at 848 (quoting *Richards v. Tibaldi*, 272 Mich. App. 522, 537, 726 N.W.2d 770, 779 (Mich. Ct. App. 2006)). Accordingly, Plaintiffs' claim of declaratory relief, premised on alleged bad faith conduct by Defendants, and request for monetary damages does not yield a claim upon which relief may be granted.

## G.     The Court Will Deny Plaintiffs' Request for a Preliminary Injunction

In their sixth claim, Plaintiffs request that the Court issue a preliminary injunction or a temporary restraining order[4] to stay or toll the redemption period and enjoin Defendants from pursuing eviction proceedings against Plaintiffs. Dkt. No. 1, pp. 31–32, ¶¶ 109–19 (Pg. ID No. 31–32).

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Due to the extreme nature of this remedy,

---

[4] Although Plaintiffs use the terms interchangeably, preliminary injunctions and temporary restraining orders are different remedies with different requirements. *See* FED. R. CIV. P. 65(a), (b); Mich. Ct. R. § 3.310(A), (B).

plaintiffs seeking a preliminary injunction are required to make a far more stringent showing of

proof than that required to survive summary judgment. *See Farnsworth v. Nationstar Mortgage,*

*LLC*, 569 F. App'x 421, 425 (6th Cir. 2014). Plaintiffs requesting a preliminary injunction must

establish: (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable

harm in the absence of preliminary relief; (3) that the balance of equities tips in their favor; and

(4) that an injunction is in the public interest. *Winter*, 555 U.S. at 20. Although the four factors

are to be balanced, a finding that there is simply no likelihood of success on the merits, *Gonzales*

*v. Nat'l Bd. of Med. Examiners*, 225 F.3d 620, 625 (6th Cir. 2000), or only on a possibility of

irreparable harm, *Winter*, 555 U.S. at 22, is usually fatal.

As detailed above, Plaintiffs have failed to show a likelihood of success on the merits

based on the facts alleged. Although Plaintiffs reference the ability of courts to preclude

foreclosure where a valid fraud claim has been raised, Dkt. No. 1, p. 31, ¶ 119 (Pg. ID No. 31),

Plaintiffs failed to allege fraud with the specificity required under Rule 9(b). Accordingly,

Plaintiffs' request for a preliminary injunction to toll the redemption period will be denied

because they have not pled facts indicating a likelihood of success on any of their claims.

**H.     The Court Will Deny Plaintiffs' Request for an Equitable Mortgage**

In Plaintiffs' seventh and final claim, they request the Court "exercise its equitable

powers to impose an equitable mortgage . . . ." Dkt. No. 1, p. 33, ¶ 126 (Pg. ID No. 33). An

equitable mortgage is appropriate where the underlying mortgage is void, such as "when one

party intended to grant a secured interest but the instrument actually transferred the property in

total to the other party." *In re Sutter*, 665 F.3d 722, 728 (6th Cir. 2012). In the present case, the

-12-

parties' relationship is governed by a valid written agreement: the Mortgage.[5] Thus, there is no basis for the Court to intervene and impose an equitable mortgage. Plaintiffs' request for an equitable mortgage or conversion to judicial foreclosure is dismissed.

## V. CONCLUSION

Accordingly, for the reasons discussed in detail above, the Court **GRANTS** Defendants' Motion to Dismiss [4]. **IT IS HEREBY ORDERED** that Counts I–VII of the Complaint [1] are **DISMISSED**.

IT IS SO ORDERED.

Dated: December 21, 2015

/s/Gershwin A Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

---

[5] Plaintiffs did not allege that Bank of New York Mellon obtained the mortgage itself by abuse of power or coercion, the "two instances in which it is proper to declare an equitable mortgage in order to circumvent the requirement for a writing" under the statute of frauds. *See Schultz v. Schultz*, 117 Mich. App. 454, 458, 324 N.W.2d 48, 51 (1982). Indeed, the facts pled acknowledge that Plaintiffs executed the Mortgage in May 2004 as security for the Loan, which was assigned to Bank of New York Mellon in late 2010. *See* Dkt. No. 1, pp. 14–15, ¶¶ 12–13 (Pg. ID No. 14–15).